UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| B.I., a minor, by and through his Mother and Father (natural and legal guardians) Lisa Ivy and Tobias Ivy 21 Basin Street NW Navarre, OH 44662-1157 </br></br>Plaintiff, </br></br>vs. </br></br>BOARD OF EDUCATION OF FAIRLESS LOCAL SCHOOLS 11885 Navarre Road, SW Navarre, OH 44662 </br></br>BROC BIDLACK 11885 Navarre Road, SW Navarre, OH 44662 </br></br>LARRY CHAMBLISS 11885 Navarre Road, SW Navarre, OH 44662 </br></br>MIKE HALL 11885 Navarre Road, SW Navarre, OH 44662 </br></br>KEN KILLIAN 11885 Navarre Road, SW Navarre, OH 44662 </br></br>JANICE COURTNEY 11885 Navarre Road, SW Navarre, OH 44662 </br></br>DENISE MEREDITH 11885 Navarre Road, SW Navarre, OH 44662 </br></br>CHRIS ROBERTS 11885 Navarre Road, SW Navarre, OH 44662 </br></br>and | CASE NO. _____ </br></br></br>JUDGE:_____ </br></br></br>**COMPLAINT FOR DAMAGES** </br></br>**DEMAND FOR JURY TRIAL** |

1

| | |
|---|---|
| KEVIN BILLE | ) |
| 2400 U.S. 62 | ) |
| Millersburg, OH 44654 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This Complaint is brought by private citizens against a public entity and several of its officials and employees for redress of violations of Plaintiff's civil rights. Plaintiff seeks monetary damages and injunctive relief.

## JURISDICTION

2. Jurisdiction is invoked under 28 U.S.C. Section 1331; 28 U.S.C. Sections 1343(3) and (4). Claims are asserted under the Fourteenth Amendment of the U.S. Constitution; 20 U.S.C. Section 1681 *et seq*. ("Title IX"); 42 U.S.C. Section 1983; and *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). This Court has supplemental jurisdiction to hear Plaintiff's state claims under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1392, because the events that give rise to Plaintiff's claim took place within the Northern District of Ohio. At all times relevant, Plaintiff was a student within the Fairless Local School district in Stark County, Ohio.

## PARTIES

4. Plaintiff, B.I. and his parents, Lisa and Tobias Ivy, are residents of Navarre, Ohio, located in Stark County, which is within the Northern District of Ohio. Plaintiff B.I. is, and at all times relevant to this action was, a minor.

5. Plaintiff B.I. is a gay male.

6. At all times relevant to this action, Plaintiff, B.I., was a male student attending

Fairless High School, a public school located in the city of Navarre, Stark County, Ohio, and operated by Defendant, Board of Education of Fairless Local Schools (hereinafter "Board").

7. Fairless Local Schools is a public school district organized and operating under the laws of the State of Ohio. At all times relevant herein, Defendant Board controlled and operated Fairless High School and the other schools within the Fairless Local Schools district. A portion of the funding for Fairless High School comes from the state and federal governments.

8. At all times relevant herein Defendant Ken Killian was the President of the Board for Defendant Board; Defendant Broc Bidlack was Superintendent of Schools for Defendant Board; Defendant Dr. Larry Chambliss was Principal at Fairless High School; Defendant Dr. Mike Hall was Assistant Principal at Fairless High School; Defendant Kevin Bille was the Athletic Director and varsity basketball coach; Defendants Janice Courtney, Denise Meredith, and Chris Roberts were all teachers at Fairless High School. Defendants Killian, Bidlack, Chambliss, Hall, Bille, Meredith, Courtney, and Roberts (hereinafter referred to as the "Individual Defendants") were, at all relevant times, employees, agents and/or supervisors of Defendant Board.

## BACKGROUND

9. Defendant Board and the Individual Defendants were responsible for creating and maintaining an educational environment that was free from discrimination and harassment. Defendant Board and the Individual Defendants were also responsible for making policy and/or for implementing disciplinary, anti-harassment and anti-discrimination laws and policies. Further, Defendant Board and Individual Defendants were responsible for enforcing, and ensuring that their subordinates, agents, and employees enforced, such laws and policies by taking prompt remedial action following acts of inappropriate behavior, harassment or discrimination against students and for ensuring that enforcement (or lack thereof) of such laws did not take place in a discriminatory manner.

10. Plaintiff alleges upon information and belief that each of the Defendants failed to

make, implement, enforce, and ensure that their subordinates, agents, and employees enforced the above-described laws and policies and to take necessary and prompt remedial action following knowledge or reports of sexual harassment and discrimination.

11. Plaintiff alleges upon information and belief that each of the Defendants performed, participated in, aided or abetted in some manner the acts averred herein, proximately caused the damages averred below, and is liable to Plaintiff for the damages and other relief sought herein.

12. Plaintiff alleges upon information and belief that at all relevant times, each and every Defendant was the agent or employee of each and every other agent, was acting within the course and scope of such agency or employment, and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant were ratified and approved by every other Defendant. Plaintiff further alleges on information and belief that all of the actions alleged in the complaint were taken pursuant to the customs, policies or practices of Defendant Board.

## STATEMENT OF FACTS

13. Plaintiff attended Fairless High School during the times at issue in this Complaint.

14. Beginning in or about Fall 2017, Plaintiff was continually harassed, threatened, intimidated and discriminated against by students, teachers and administrators based on sex and based on his actual or perceived sexual orientation.

15. Plaintiff was subjected to hostile, offensive, threatening and unwelcome verbal, conduct of a sexual nature and otherwise based on sex and his actual or perceived sexual orientation. The harassment, threats, intimidation and discrimination occurred during school hours and on school grounds. Defendants and other agents and employees of Defendant Board were aware of the sexual harassment, threats, intimidation, and discrimination faced by Plaintiff and had the authority to institute corrective measures, but because of his sex and his actual or perceived

sexual orientation, they deliberately and intentionally failed to take steps reasonably calculated to end it.

16. Plaintiff was subjected to continual sexual harassment and discriminatory treatment on the basis of his actual or perceived sexual orientation, including but not limited to the following:

a. Plaintiff was sitting in Spanish class during his junior year when another student (J.B.) called him a "faggot" and told him, "everyone knows you're gay so just come out." This took place in front of Defendant Roberts, who was the teacher in the classroom at the time. Upon information and belief there was no investigation or disciplinary action taken against the student.

b. During his junior year at student (O.S.) yelled "all fags should burn in hell and you should kill yourself" on a school bus. Plaintiff, via social media, confronted the student who made the comment. Plaintiff and two other LGBTQ students were called down to the office for a meeting about the incident. Plaintiff was disciplined for confronting O.S. for her comments. O.S. denied making the comments. Rather than reviewing bus videotape evidence or interviewing other students to investigate, the school simply failed to investigate and failed to issue any discipline to O.S.

c. Later that day, Defendant Hall called Plaintiff down to the office for further discussion. Defendant Hall told Plaintiff, "when you choose a difficult lifestyle, you choose a hard life."

d. Plaintiff was elected to serve as class president all four years of high school. During the summer between his junior and senior years, Defendants Courtney and Meredith attempted to get a group of students together to hold a new election for the purpose of selecting a different class president.

e. Shortly after attending Fall homecoming his senior year, Defendant Chambliss called Plaintiff down to the office to ask about the dress that Plaintiff's friend (another Fairless

student) was wearing. Specifically, Defendant Chambliss told Plaintiff that his friend wasn't wearing a bra and probably wasn't wearing underwear, either. Defendant Chambliss then proceeded to compare transgender people to sex offenders and told Plaintiff, "keep your community in the right bathroom."

    f.    As the class president, Plaintiff planned his senior class trip to New York. However, Plaintiff missed his senior class trip to New York because the other male students did not want to room with him and the school did not make any other reasonable accommodations.

    g.    Plaintiff was called down to the office this year after students had been asked in a class to design currency and a student made rainbow currency called "Gay Bucks." Plaintiff was asked by Defendant Chambliss whether this was offensive. After Plaintiff expressed his opinion that it was not, Defendant Chambliss then told Plaintiff, "go relay that back to your community."

    h.    Defendant Courtney has expressed to an entire classroom full of students her anti-gay sentiment, including saying, "gay people shouldn't raise children." Defendant Courtney has engaged in several episodes of treating Plaintiff differently because of his actual or perceived sexual orientation, including making a determination that despite Plaintiff meeting the objective requirements for admission to the National Honor Society, he somehow failed to meet the subjective requirements; singling him out for humiliation and embarrassment on a written work that was not yet completed; failing to acknowledge / losing his application for Teen of the Month until confronted and, upon information and belief, failing to follow the standard process of notifying the local press about B.I. being selected for Teen of the Month.

    i.    Defendants have also treated Plaintiff differently from students they perceive to have different sexual orientations in the following ways: sending Plaintiff letters cautioning about potential truancy charges at points when similarly situated students did not receive such letters; asking Plaintiff to resign from student council for failure to attend meetings at a point before similarly situated students received such letters; asking for copies of his graduation speech earlier

6

than past class presidents have been asked to produce graduation speeches.

17.     During Plaintiff's sophomore year (2016-2017 school year), and before he knew that Plaintiff was gay, Defendant Bille told Plaintiff that he had the potential to play college basketball. Pursuant to Defendant Bille's instructions, during the summer between Plaintiff's sophomore and junior years, Plaintiff worked out and lost 50 pounds.

18.     After being "outed" in Spanish class his junior year, and because he didn't want his coach to hear about it second-hand, Plaintiff informed Defendant Bille that he is gay. After learning of Plaintiff's sexual orientation, Defendant Bille embarked on a campaign of sexual harassment and discriminatory treatment based on his actual or perceived sexual orientation, including but not limited to:

    a.     Having his playing time nearly eradicated, being told that the team could not use players of his size (6'8") in particular games; and being told that the coach was worried students from the student section would learn that Plaintiff is gay and start yelling;

    b.     Being sent over to practice with the JV team without reason, causing the JV coach to ask why and say that it didn't make sense;

    c.     Being subjected to punitive workouts to which the other players were not subjected, and being threatened with having to run with a bucket on his head until he vomited;

    d.     Attending a "Senior Night" meal with other players from the varsity team and, when a pastor started to pray, having the Defendant Bille tell Plaintiff, "I know this goes against your beliefs and you don't believe in Jesus but just get through this and be quiet.";

    e      Attending other team events and workouts where the coach had invited local pastors to pray and being told before a local pastor started to pray that he didn't have to pray because he "hates Jesus."

    f.     Being called "weak" by Defendant Bille and Plaintiff being required to feel up Defendant Bille's arm muscles;

7

      g.      Participating in a "shootout" where a representative from Miami of Ohio was interested in meeting Plaintiff and Defendant Bille did not make that introduction;

      h.      Receiving a "certificate of participation" instead of a varsity letter at the end of his junior season while the water boy, who played zero minutes during the season, received a varsity letter;

      i.      Being told in front of a group of students and parents at the awards ceremony that Plaintiff "did good whenever he showed up to practice" even though Plaintiff missed only two practices that season—one for a funeral and one when the Defendant had originally said that practice was cancelled; and

      j.      Meeting with Defendant Bille at the end of his junior season to ask what plans the coach had for him the following year and having Defendant Bille tell him, "I have no plans for you." For that reason, despite having played basketball on various travel teams as a child, Plaintiff did not play basketball his senior year.

19.     Plaintiff and his parents discussed the harassment and discrimination with school officials in an attempt to get resolution including, but not limited to:

      a.      Seeking an appointment with Defendant Bidlack to discuss the treatment of Plaintiff; and

      b.      Seeking time at a Board meeting to discuss the treatment of Plaintiff, which time was not given until the meeting had concluded and gone off-the-record.

20.     Unless otherwise specified, all acts alleged in this Complaint by Defendants were committed, knowingly, intentionally, and/or with conscious disregard of, or deliberate indifference toward Plaintiff's well-being.

21.     The Individual Defendants knew or should have known that they were under a mandatory duty imposed by federal and state law to provide a safe and equal environment for Plaintiff and to protect him from both identifiable-class discrimination and sexual harassment by

both staff members and by other students; and yet Defendants failed to do so.

22. The Individual Defendants also knew or should have known that they were responsible for enforcing Defendant Board's policies and procedures that were created to protect students from harassment and discrimination regardless of the student's sex and regardless of the student's sexual orientation; and yet Defendants failed to do so.

23. At all relevant times, it was within the Defendants' power and responsibility to protect Plaintiff from harassment, discrimination, and other violations of his constitutional and statutory rights.

24. The Individual Defendants knew or should have known of the occurrence of the incidents in this Complaint. On numerous occasions, the persons subjecting Plaintiff to the discriminatory and hostile environment treatment were members of the school staff and administration. On the basis of his sex and on the basis of Plaintiff's actual or perceived sexual orientation, Defendants singled him out and treated him differently and intentionally failed to take appropriate disciplinary and remedial measures to address the ongoing harassment.

25. Defendants failed to take steps to address or prevent the harm to Plaintiff, including, but not limited to, disciplining staff and administration members who harassed Plaintiff and otherwise engaged in physical or verbal conduct creating a hostile environment; disciplining the students who harassed Plaintiff; educating faculty and students about same-sex harassment and harassment of males; and training faculty and students so as to prevent discrimination on the basis of sex and sexual orientation in the future.

26. The Defendants' acts and omissions not only failed to remedy, but also fostered and promoted, the hostile environment that was created by the sexual harassment from staff, administrators and students.

27. At all times relevant herein, Defendants owed to Plaintiff, and to all students, a duty of care to ensure the safety and well-being of Plaintiff and all students on school grounds.

This duty of care encompassed a duty to supervise the conduct of students on school grounds, a duty to equally enforce rules and regulations necessary for the protection of students, a duty for the staff members to not create a hostile environment; and a duty to take appropriate measures to protect Plaintiff from the misconduct of other students. The harassment of Plaintiff by other students, as alleged above, occurred on school grounds during school hours. Defendants had a duty to exercise due care to protect Plaintiff from harassment and other misconduct.

28. As a result of the Defendants' failure to meet their duties, the discrimination against and harassment of Plaintiff continued and escalated. The specific instances of sexual harassment and the Defendants' failure to take action listed above are representative and not necessarily exhaustive.

29. The Defendants' intentional failure to take action to remedy the harassment caused the Plaintiff to suffer extreme emotional distress and psychological damage, including but not limited to, an inability to concentrate on Plaintiff's studies, serious depression, debilitating fear, despair, anger, humiliation and anxiety. Plaintiff also suffered loss of education and economic opportunity. Plaintiff was forced to stop playing basketball, a sport he loved and had enjoyed since Kindergarten.

30. As a direct, legal, and proximate result of the Defendants' violations of Plaintiff's statutory and constitutional rights, Plaintiff has been damaged in an amount which is not yet known, but which exceeds jurisdictional minimum of this Court.

31. The Defendants' failure to prevent and remedy the harassment experienced by Plaintiff was deliberate, intentional, and in bad faith. The Defendants acted toward Plaintiff with oppression and malice.

## INCORPORATION OF FACTUAL ALLEGATIONS

32. Plaintiff incorporates by reference and realleges paragraphs 1 through 31 of this Complaint in each of his Claims for Relief stated below.

# **FIRST CLAIM FOR RELIEF**

U.S. Const. Amend. XIV, Equal Protection on the Basis of Sexual Orientation
42 U.S.C. § 1983
Against Defendant Board and Individual Defendants in their individual capacities

33. Plaintiff is a member of an identifiable class based on sexual orientation; he is also a member of a protected class as a male.

34. As alleged above, Defendants, pursuant to policy, practice and custom, treated Plaintiff differently because of his membership in this identifiable class. This includes but is not limited to: telling him he chose to be bullied because he chose to be gay; singling Plaintiff out for punitive basketball workouts; requiring him to feel the basketball coach's arm muscles; telling him he "hates Jesus", failing to give him play-time, failing to connect him with interested college representatives; failing to permit Plaintiff to earn a varsity letter; telling Plaintiff to relay certain messages to his "community" about bathroom use and whether gay bucks are offensive; denying him admission to the National Honor Society; attempting to have another election for class officers; talking about his friend's homecoming attire (instead of just talking to her about it); and the other conduct mentioned above.

35. There was no rational basis for Defendants treating Plaintiff differently because of his sexual orientation.

36. The above described conduct by Defendants violated Plaintiff's right not to be deprived of equal protection of the laws on the basis of sex under the Fourteenth Amendment to the United States Constitution.

37. As a direct and proximate result of actions and conduct of Defendants, Plaintiff B.I. has suffered and continues to suffer extreme emotional distress and loss of educational and other opportunities.

**SECOND CLAIM FOR RELIEF**

U.S. Const. Amend. XIV, Equal Protection on the Basis of Sexual Orientation
42 U.S.C. § 1983
Against Defendant Board and Individual Defendants in their individual capacities

38.  As alleged above, Defendants, pursuant to policy, practice and custom, took steps to remedy student-on-student harassment in situations where the victim was, or was perceived to be, heterosexual.

39.  Pursuant to policy, practice and custom, Defendants intentionally failed to take action to remedy the student-on-student harassment experienced by Plaintiff because his sexual orientation was, or was perceived to be, homosexual. Among other things, Defendants failed to enforce the anti-bullying policy when he was outed in Spanish class and when another student yelled "all faggots should die" on the bus.

40.  The above described conduct by Defendants violated Plaintiff's right not to be deprived of equal protection of the laws on the basis of sexual orientation under the Fourteenth Amendment of the United States Constitution.

41.  As a direct and proximate result of actions and conduct of Defendants, Plaintiff B.I. has suffered and continues to suffer extreme emotional distress and loss of educational and other opportunities.

**THIRD CLAIM FOR RELIEF**

U.S. Const. Amend. XIV, Equal Protection
42 U.S.C. § 1983
Against Defendant Board and Individual Defendants in their individual capacities

42.  Upon information and belief Defendants, pursuant to policy, practice and custom, took steps to enforce the FERPA policy for heterosexual students.

43.  Defendants enforced their FERPA policies and procedures regarding Plaintiff in a discriminatory manner based on Plaintiff's sexual orientation.  Defendants failed to enforce the

FERPA policy for Plaintiff by disclosing Plaintiff's reports of harassment and discrimination (made via counsel) to others who did not have a legitimate educational need to know.

44. There was no rational basis for the unequal enforcement of the FERPA policies and procedures.

45. The above described conduct by Defendants violated Plaintiff's right not to be deprived of equal protection of the laws on the basis of sexual orientation under the Fourteenth Amendment of the United States Constitution.

46. As a direct and proximate result of actions and conduct of Defendants, Plaintiff B.I. has suffered and continues to suffer extreme emotional distress and loss of educational and other opportunities..

**FOURTH CLAIM FOR RELIEF**

Title IX (20 U.S.C. §§ 1681-1688)
Against Defendant Board

47. The sexual harassment experienced by Plaintiff was so severe, pervasive and objectively offensive that it undermined and detracted from Plaintiff's educational experience and effectively denied him equal access to the educational opportunities and benefits offered at Fairless High School.

48. Defendant Board is liable for the hostile environment sexual harassment by its employees, the Individual Defendants, because they acted with apparent authority. This includes but is not limited to the following instances: Defendant Chambliss discussing with Plaintiff whether another student was wearing a bra or undergarments; comparing transgender people to sex offenders; and Defendant Bille calling Plaintiff "weak" and requiring Plaintiff to feel Bille's arm muscles.

49. Defendant Board is liable for the hostile environment sexual harassment by its students because Defendant displayed deliberate indifference to the sexual harassment that Plaintiff experienced. Its failure to respond to the harassment was clearly unreasonable in light of

the known circumstances.

50. The above-described conduct by Defendant Board excluded Plaintiff, on the basis of sex, from participation in an educational program or activity that received federal financial assistance.

51. The above-described conduct by Defendant Board denied Plaintiff, on the basis of sex, the benefits of an educational program or activity that received federal financial assistance.

52. The above-described conduct by Defendant Board subjected Plaintiff, on the basis of sex, to discrimination under an educational program or activity that received federal financial assistance.

53. As a direct and proximate result of actions and conduct of Defendants, Plaintiff B.I. has suffered and continues to suffer extreme emotional distress and loss of educational and other opportunities..

## FIFTH CLAIM FOR RELIEF

U.S. Const. Amend. XIV, Substantive Due Process
Against the Defendants Bidlack, Chambliss, Bille, Roberts, Courtney, Meredith and Hall in their individual capacities

54. The actions of all the Defendants constitute a violation of Plaintiff's constitutional right to substantive due process under the Fourteenth Amendment of the U.S. Constitution, in that the Defendants' conduct, as described above, was arbitrary and egregious, was intended to inure Plaintiff in a way that was unjustifiable by any governmental interest and is the sort of governmental action that shocks the conscience.

55. As a direct and proximate result of the actions and conduct of the Defendants, Plaintiff has suffered extreme emotional distress and loss of educational and other opportunities.

## SIXTH CLAIM FOR RELIEF

*Monell* claim
Against Defendant Board

56. The actions of Defendant Board, in failing to properly train its officials and

teachers in proper methods of recognizing, responding to and preventing bullying and harassment, constitute a violation of Defendant Board's obligations to maintain lawful policies and procedures pursuant to *Monell v. Dept of Social Services*, 436 U.S. 658 (1978).

57. As a direct and proximate result of the actions and conduct of Defendant, B.I. has suffered and continues to suffer extreme emotional distress and loss of educational and other opportunities.

## SEVENTH CLAIM FOR RELIEF

Invasion of Privacy
Against the all Defendants

58. Plaintiff (via counsel) sent a letter to Defendant Bidlack's office on or about Friday, April 5, 2019 describing many of the instances that have been described in this Complaint. At the time the letter was sent Plaintiff intended to *privately* explore resolution of the matters at issue.

59. On or about Monday April 9, 2019, Plaintiff's relative received a phone call from a member of the community about the letter that had been sent to Defendant Bidlack's office.

60. On Tuesday April 10, 2019, Plaintiff received social media messages from peers asking about whether he was suing the school.

61. In April 2019, Plaintiff was told by other students, that Defendant Roberts discussed the fact that Plaintiff was "suing the school" and he (Defendant Roberts) was included.

62. The pre-suit letter raising concerns about the school harassment Plaintiff has endured should have been kept private, was protected by law, and should not have been disclosed to students and/or other members of the community.

63. The actions of Defendants constitute an invasion of Plaintiff's privacy and Plaintiff was damaged as a result of the invasion.

## EIGHTH CLAIM FOR RELIEF

Willful/Wanton Misconduct
Against all Defendants

64. The actions of the individual defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of R.C. 2744.03(A)(6).

65. As a direct and proximate result of the action and conduct of the Defendants, B.I. has suffered extreme emotional distress and loss of educational and other opportunities.

## NINTH CLAIM FOR RELIEF

Conspiracy
42 U.S.C. § 1985(3)
Against the Defendants Bidlack, Chambliss, Bille, Roberts, Courtney, Meredith and Hall in their individual capacities

66. Defendants Bidlack, Chambliss, Hall, Bille, Roberts, Courtney, Meredith, and Hall and their agents conspired to violate Plaintiff's constitutional and statutory rights set forth in the preceding claims for relief.

67. Wherefore, Plaintiff requests relief as set forth in the Request for Relief below.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Award compensatory and general damages to Plaintiff, in an amount to be determined according to proof, against Defendant Board and against the Individual Defendants in their individual capacities;

(b) Award punitive damages in an amount to be determined according to proof;

(c) Award Plaintiff his costs, expenses and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(d) Grant such other and further relief as the Court may deem appropriate and

16

proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands trial by jury for all of the issues pled herein so triable.

Respectfully submitted,

/s/ Cortney R. Morgan

CORTNEY R. MORGAN
Registration Number: 0076782
Attorney for Plaintiff
229 3rd St., NW
Suite 200
Canton, Ohio 44702
(330) 438-9030 / (330) 915-4803 fax
cortney@navigatelifeohio.com


By: /s/ James J. Collum
James J. Collum (#0070985)
4740 Belpar Street NW, Suite C
Canton, OH 44718-3685
Phone: (330) 494-4877
Fax:    (330) 546-0667
e-mail: jcollum@collumlawoffice.com