# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| B.I., a minor, by and through his Mother and Father (natural and legal guardians) Lisa Ivy and Tobias Ivy,<br><br>    Plaintiff,<br><br> vs.<br><br>BOARD OF EDUCATION OF FAIRLESS LOCAL SCHOOLS, et al.,<br><br>    Defendants. | Case No. 5:19-cv-01309-SL<br><br>Judge Sara Lioi |

## AGREED PROTECTIVE ORDER

The parties having stipulated to the entry of a protective order under Fed. R. Civ. P. 26(c), and it appearing to the Court that such an order is necessary, appropriate, will facilitate discovery, and will protect the rights of the parties, it is ORDERED that:

  1)  Documents containing confidential information need not be designated as such and instead are automatically subject to this Protective Order. Either party may designate as "confidential" any deposition transcript or exhibits containing confidential information, which it believes should be subject to the terms of this Protective Order. Such information shall be that which the designating party in good faith believes is privileged or confidential under Ohio or federal law, such as, medical, financial, or proprietary information, information that may invade the privacy of third parties, and information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, documents relating to academic misconduct that are confidential under 42 C.F.R. § 93.108(a), and documents containing HIPAA protected health information, but may not include publicly available information or information maintained by

1

Fairless Local Schools subject to the Public Records Act. Any deposition transcripts or exhibits designated as "confidential" by a party under this paragraph shall be clearly labeled "confidential" when introduced. Any confidential documents already produced shall be automatically deemed confidential material so long as the producing party so designates by identifying such documents in writing to the other party no less than 30 days after the date this Protective Order is entered by the Court. Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Order. Such designation must identify with reasonable particularity the testimony that is to be designated as confidential. The parties shall not designate any document or testimony as "confidential" unless they have a good faith belief that the document is entitled to that protection under existing law.

2) The Court will resolve any disputes regarding what documents, deposition transcripts, or exhibits will be treated as confidential under this Order, in accordance with the Local and Federal Rules. In the case of a dispute, the party asserting confidentiality shall have the burden of demonstrating confidentiality.

3) All Confidential Material and documents designated as Confidential shall be maintained in confidence and shall be used solely for the purpose of conducting this litigation. Confidential Material may be disclosed only to the following persons, or as may be required to present this action at trial:

    A. Attorneys of record for any party to this action, and their employees, co-workers, legal support personnel, representatives, contractors and agents;
    B. The parties to this action;
    C. The Court, all subsequent appellate courts, and their personnel;
    D. Witnesses, potential witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and

14585165v3

trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;
E. Any arbitrator or mediator designated in this action;
F. Any court reporter employed in connection with a deposition in this litigation.

4) After the litigation is completed, documents designated as "confidential" shall, at the written request of the producing party, be returned to the other party or destroyed along with all copies. Nothing in this paragraph shall require dismantling, destruction, or return of confidential information contained or reflected in attorney work product, or in other documents such as pleadings, correspondence, deposition testimony, trial testimony, deposition exhibits, or trial exhibits if such work product or other documents are maintained by counsel in strictest confidence.

5) A party who produces any document subject to attorney-client privilege under Ohio law without intending to waive the claim of protection associated with the document may, within 10 days after the producing party actually discovers that the inadvertent production occurred, amend its discovery response and notify the other party that the document was inadvertently produced and should have been withheld as protected. Such protected documents may include, but are not limited to, privileged communications and attorney-work-product material. Once the producing party provides notice to the requesting party, the requesting party must (a) promptly return the specified document and any copies thereof; (b) destroy or redact, and certify the destruction or redaction to the producing party, including any notes or any other documents it created that reflect the contents of the specified document; and (c) refrain from disclosing the substance of the specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within 30 days of the producing party's notice. This provision does not apply to deposition transcripts, trial transcripts, deposition exhibits, trial exhibits, or other court filings.

6) The inadvertent disclosure of any document that is subject to a legitimate claim that the document should have been withheld from disclosure as privileged material shall not waive any privilege for that document or for the subject matter of the inadvertently disclosed document if the producing party requests its return in accordance with ¶ 5 and takes reasonable precautions to avoid inadvertent disclosure.

7) This Order shall not be deemed to limit a party's use of documents or information that was lawfully in either party's possession before the filing of this action to the extent that party was originally authorized to use that information.

8) **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are

14585165v3

being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

9) **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10) **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under

this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

11) **Use of Confidential Documents or Information at Trial.** Consistent with Section VII of the Court's Initial Standing Order, any and all documents and information that may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The hearing, argument, or trial will be public in all respects. Any third party, such as expert witnesses or vendors, retained by either party in the course of this action shall be provided a copy of this Order and shall be bound by its terms.

12) If inadvertent disclosure of privileged documents occurs and, on timely notice by the producing party, the requesting party shall have the obligation to retrieve any such documents from third parties retained by the requesting party.

13) The term "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, whether a copy, preliminary draft or original, including but not limited to, letters, computer or digitally stored files, e-mail, fax or correspondence, memoranda, notes, statements, notebooks, minutes, reports, worksheets, handbooks, manuals, pamphlets, brochures, diaries, calendars, stenographic notes, analyses, forecasts, announcements, publications, press releases, photographs, video and audio tape recordings, motion pictures, tabulations, graphs, charts, maps, telegrams, agreements, contracts, affidavits, transcripts, printouts, or other stored information from computers or other information retrieval systems, and any copies that are different from the original or other copies because of notations or markings.

14) This Protective Order is subject to modification by the Court on application of either party and a showing of good cause.

14585165v3

15) This Protective Order has no effect on the use of designated documents at trial. Any person seeking to designate documents, exhibits, or transcripts as confidential at trial has the burden of proof on the issue of confidentiality. This Protective Order does not affect any party's right to assert that *in camera* review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be used at hearing regarding Confidential Material. The provisions of this Order shall not affect the admissibility of evidence or any objections to evidence at trial or in any other proceedings in Court except as may be provided by separate Order or agreement. This agreement does not render any particular information or document discoverable in this action that might otherwise be objectionable.

16) On termination of this case by settlement or by final judgment (after the resolution of all posttrial motions or appeals or the expiration of time for filing an appeal), the parties will shred or burn, or, for electronic data, permanently delete confidential documents and exhibits received from opposing parties. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**IT IS SO ORDERED**.

                                                                            **HONORABLE SARA LIOI**
                                                                            **UNITED STATES DISTRICT JUDGE**

14585165v3

**AGREED:**

| | |
|---|---|
| /s/ Cortney R. Oren Morgan (per email authority 1/20/2020)<br>Cortney R. Oren Morgan (0076782)<br>229 Third Street, N.W. Suite 200<br>Canton, OH. 44702<br>Telephone: 330.438.9030<br>Facsimile: 330.915.4803<br>E-mail: cortney@navigatelifeohio.com<br><br>and<br><br>Chad M. Eggspuehler (0094094)<br>Brandon D. Cox (0089815)<br>Rachel N. Byrnes (0097736)<br>TUCKER ELLIS LLP<br>950 Main Avenue, Suite 1100<br>Cleveland, OH 44113-7213<br>Telephone: 216.592.5000<br>Facsimile: 216.592.5009<br>E-mail: chad.eggspuehler@tuckerellis.com<br>       brandon.cox@tuckerellis.com<br>       rachel.byrnes@tuckerellis.com<br><br>*Attorneys for Plaintiffs* | */s/ Bryan M. Smeenk*<br>Nicole M. Donovsky (0072262), Trial Attorney<br>Bryan M. Smeenk (0082393)<br>BRICKER & ECKLER LLP<br>100 S. Third Street<br>Columbus, Ohio 43215<br>Telephone: 614-227-2300<br>Facsimile: 614-227-2390<br>Email: ndonovsky@bricker.com<br>Email: bsmeenk@bricker.com<br><br>*Attorneys for Defendants* |